## JOHN H. DUNHAM

*v.*

## H. B. MILLER, Treasurer, etc.

INJUNCTION — *to prevent judgment against land for taxes that have been paid — remedy at law.* On bill filed to restrain the collector from applying for judgment, and selling lands for taxes of a prior year, on the ground that such taxes have been paid, it was *held* that the fact of payment was a complete defense to the proposed application for judgment, the remedy at law being complete.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Messrs. HAWES & LAWRENCE, for the appellant.

Mr. JOHN M. ROUNTREE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant exhibited his bill in chancery against the appellee, in the court below, praying that the tax which had been extended on the collector's books against appellant's lands for the year 1870, might be canceled and marked paid, and that appellee be enjoined from obtaining judgment thereon, etc.

The material allegations in the bill are, that appellant is the owner in fee of the lands therein described, and has been such owner from long prior to the year 1870, and including that year; that the county clerk, in making up the books for the taxes of the year 1873, in addition to the taxes due for that year, entered and extended against these lands of appellant, in a separate column made for that purpose, a certain sum, as due and owing on said lands for the State, town and county taxes of the year 1870, and afterwards delivered the tax-books, with the taxes so extended, to the collectors of the several towns where the lands are situated; that the collectors have returned the tax-books, as required by law, with appellant's lands all marked delinquent for the taxes of the year 1870; that appel-

lee, in his official capacity, threatens to apply for judgment, and sell said lands for the satisfaction and payment of the taxes so extended on said tax-books for the year 1870; that appellant, in the year 1871, paid all taxes assessed on said lands for the year 1870, and that there was not, when said taxes were so extended by the county clerk, and is not now, any thing due for the taxes assessed on said lands for the year 1870.

The court below, on motion of counsel for appellee, ordered that the temporary injunction issued on the filing of the bill be dissolved, and that the bill be dismissed for want of equity.

The only question now before us is, does the bill, on its face, show sufficient grounds for the relief prayed ?

Section three, of the " act in regard to the assessment and collection of taxes in incorporated cities, towns and villages for the year 1872, and prior years," approved March 28, 1873, under which the taxes of 1870 were extended by the county clerk, only provides for their collection in the same manner that it is provided by section two of that act the delinquent taxes for the year 1872 shall be collected, which is, by obtaining judgment against the delinquent lands, and then selling them to satisfy the judgment. The fact that the taxes have been paid, is a complete defense to the application for judgment, and we perceive not the slightest excuse for resorting to equity to interpose that defense. The possibility that the collector might not apply at the term to which he had given notice he would apply for such judgment, but indefinitely postpone his application to some future period, is, to say the least, a very slight basis upon which to ground equitable jurisdiction in so grave a matter as the restraining of the collection of the public revenue.

Appellant has a perfect remedy at law against any and all wrong which he is liable to sustain by reason of the taxes of 1870 being improperly assessed against his property, and he must be remanded to that jurisdiction.

The decree of the court below is affirmed.

*Decree affirmed.*